[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14418
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2012
JOHN LEY
CLERK

D.C. Docket No. 7:10-cr-00007-WLS-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 7, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Stephens was convicted on a plea of guilty of possession with intent

to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court classified Stephens as a career offender, pursuant to U.S.S.G. § 4B1.1(a), and sentenced him as such to a prison term of 188 months[1] because he was over 18 years of age, the instant conviction was for a controlled substance offense, and he previously had been convicted of two controlled substance offenses in the Broward County, Florida Circuit Court; to-wit, a 1999 conviction for trafficking cocaine and a 2008 conviction for delivery of cocaine, in violation of Fla. Stat. § 893.13. Stephens now appeals his sentence, claiming that the district court erred in classifying him as a career offender. We find no error and affirm.

Stephens argues that the court erred in treating his 2008 offense as predicate career offender offense because a judge of the U.S. District Court for the Middle District of Florida and a judge of the Twelfth Judicial Circuit of Florida have declared § 893.13 unconstitutional, and the Florida Supreme Court has accepted jurisdiction in the latter case, *Florida v. Atkins*, No. SC11-1878, 71 So.3d 117, 2011 WL 4925888 (Fla. Oct. 12, 2011). Neither trial court decision is controlling here; hence, the district court did not err in using the 2008 offense as a predicate

---

[1] The sentence was at the bottom of the Guidelines sentence range of 188 to 235 months' imprisonment.

2

offense under U.S.S.G. § 4B1.1(a).[2] Stephens argues that the court erred in using his 1999 conviction as a predicate offense because he was sentenced as a youthful offender. The problem with this argument is that his lawyer conceded at sentencing that the conviction qualified as a predicate career offender offense. Stephens is bound by that concession. His sentence is, accordingly,

AFFIRMED.

---

[2] Because Stephens did not present this argument to the district court we review it under the plain error standard. There could be no plain error here because no error occurred.